IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-326-BO-1
No. 5:17-CV-612-BO

| | |
|---|---|
| SHAWN SAMUEL BURTON,<br>Petitioner, | )<br>)<br>) |
| v. | )     O R D E R<br>) |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>) |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and the government's motion to dismiss.

## BACKGROUND

On April 21, 2016, petitioner pleaded guilty to possession with intent to distribute 500 grams or more of cocaine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2, and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1)( and 924(a)(2). He was sentenced on September 22, 2016 to 96 months' imprisonment. Petitioner did not appeal his sentence. On December 12, 2017, petitioner filed a motion to vacate under § 2255, alleging his counsel was ineffective for failing to file an appeal. The government moved to dismiss on the grounds that his motion is untimely.

## DISCUSSION

A one-year statute of limitations applies to § 2255 petitions. 28 U.S.C. § 2255(f). A petition may be filed within one year of the date on which the judgment of conviction becomes final. When no appeal is filed, that is the date a judgment becomes final. *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Petitioner's judgment became final on September

27, 2016. He filed his motion on December 12, 2017. So, absent equitable tolling, petitioner's motion is untimely.

To be entitled to equitable tolling, an otherwise time-barred petitioner must demonstrate "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct (3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003)).

Petitioner alleges he asked his attorney to notice an appeal, believed his appeal was pending, and did not discover that no appeal had been filed until the Fourth Circuit notified him on November 7, 2017, after the one-year deadline had passed. [DE 108 at 3]. Petitioner has alleged circumstances outside of his own control such that this Court finds petitioner is entitled to equitable tolling.

Petitioner's sole claim for relief is that he asked his attorney to notice an appeal, and his attorney failed to do so. [DE 101 at 3]. There is "a category of petitions, usually involving credibility, that will require an evidentiary hearing in open court." *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). Indeed, "when a movant presents a colorable Sixth Amendment claim showing disputed facts involving inconsistencies beyond the record, a hearing is mandated." *United States v. Ramirez*, 122 F. App'x 14, 15 (4th Cir. 2005). This is such a situation, and so the Court will hold an evidentiary hearing on petitioner's claim.

Petitioner was previously found to be indigent by an order of the Court entered January 21, 2016. Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). Accordingly, petitioner is hereby APPOINTED attorney Raymond Tarlton to represent him at the evidentiary hearing. 18 U.S.C.

§3006A. Pursuant to Rule 8(c) of the Rules Governing section 2255 Proceedings the Court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The Court will consider petitioner's claims and the government's motion to dismiss after it has conducted the evidentiary hearing.

## CONCLUSION

For the above reasons, the Court will hold an evidentiary hearing regarding petitioner's claim. The clerk is DIRECTED to serve a copy of this order on petitioner, the government, and Raymond Tarlton. An evidentiary hearing in this matter is hereby set for this Court's _October_ term.

SO ORDERED, this 30 day of August, 2018.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE